**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Said Cruz**, | No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| **5 J Construction, Inc.**, an Arizona corporation, **Jeffrey Gaines and Julie Gaines**, a married couple, | |
| Defendants. | |

Plaintiff, Said Cruz ("Plaintiff" or "Cruz"), sues the Defendants 5 J Construction, Inc., and Jeffrey Gaines and Julie Gaines, (collectively "Defendants") and alleges as follows:

## **PRELIMINARY STATEMENT**

1.      This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and

unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."  Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).

3.     The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4.     The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## **PARTIES**

7.      At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8.      At all material times, 5 J Construction, Inc. was a corporation duly licensed to transact business in the State of Arizona.  At all material times, Defendant 5 J Construction, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9.      At all relevant times, Defendant 5 J Construction, Inc. owned and operated as "Elite Flooring," a flooring contractor located in Glendale, Arizona.

10.      Under the FLSA, Defendant 5 J Construction, Inc. is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant 5 J Construction, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendant 5 J Construction, Inc. in relation to the company's employees, Defendant 5 J Construction, Inc. is subject to liability under the FLSA.

11.      Defendants Jeffrey Gaines and Julie Gaines, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Jeffrey Gaines and Julie

Gaines are owners of Defendant 5 J Construction, Inc. and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendants Jeffrey Gaines and Julie Gaines are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Jeffrey Gaines and Julie Gaines had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendant 5 J Construction, Inc. in relation to the company's employees, Defendants Jeffrey Gaines and Julie Gaines are subject to individual liability under the FLSA.

13. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14. Defendants, and each of them, are sued in both their individual and corporate capacities.

15. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

17. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

-4-

18.     At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

19.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

20.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

21.     At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

22.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

23.     Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

24.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

25.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

26.     Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

27.     Defendants own and/or operate as Elite Flooring, an enterprise located in Maricopa County, Arizona.

28.     Defendant 5 J Construction, Inc. is a flooring contractor located in Phoenix, Arizona.

29.     Plaintiff was hired by Defendants and worked for approximately one month.

30.     At all relevant times, Plaintiff worked for Defendants until approximately December 2021.

31.     At all relevant times, in his work for Defendants, Plaintiff worked as an installer.

32.     Defendants, in their sole discretion, paid Plaintiff an hourly rate of $18.00.

33.     Plaintiff, in his work for Defendants, typically worked approximately 40 in a given workweek.

34.     Upon information and belief, Plaintiff worked approximately 28 hours in his final week of work for Defendants.

35.     Upon information and belief, Plaintiff performed his final week of work in December 2021.

36.     The last payment received by Plaintiff was approximately November 30, 2021.

37.     Defendants failed to compensate Plaintiff any wage whatsoever for the hours he spent working for Defendants in his final week of work.

38.     As a result of not having paid any wage whatsoever to Plaintiff during his final week of work with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

39.   Rather than classify Plaintiff as an employee, Defendants classified him as an independent contractor.

40.   Despite Defendants having classified Plaintiff as an independent contractor, Plaintiff was actually an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

41.   Defendants controlled Plaintiff's schedules.

42.   In his work for Defendants, Plaintiff used equipment and tools provided and owned by Defendants.

43.   At all relevant times, Plaintiff was economically dependent on Defendants.

44.   The following further demonstrate that Plaintiff was an employee:

    a.   Defendants had the exclusive right to hire and fire Plaintiff;

    b.   Defendants made the decision not to pay Plaintiff his final paycheck;

    c.   Defendants supervised Plaintiff and subjected him to Defendants' rules;

    d.   Plaintiff had no opportunity for profit or loss in the business;

    e.   The services rendered by Plaintiff in his work for Defendants was integral to Defendants' business;

    f.   Plaintiff was hired as a permanent employee of Defendants;

    g.   Plaintiff had no right to work for competitors of Defendants; and

    h.   Plaintiff had no right to refuse work assigned to him by Defendants.

45.   At all relevant times, Defendants controlled Plaintiff's schedules.

46.   At all relevant times, Plaintiff was economically dependent on Defendants.

47.   In his work for Defendants, Plaintiff was not compensated on a salary basis.

48.     In his work for Defendants, Plaintiff did not have supervisory authority over any employees.

49.     In his work for Defendants, Plaintiff did not possess the authority to hire or fire employees.

50.     In his work for Defendants, Plaintiff did not possess authority to make critical job decisions with respect to any of Defendants' employees.

51.     In his work for Defendants, Plaintiff did not direct the work of two or more employees.

52.     In his work for Defendants, Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

53.     Plaintiff's primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise.

54.     At all relevant times, Defendants controlled Plaintiff's schedules.

55.     At all relevant times, Plaintiff was economically dependent on Defendants.

56.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever his final week of work, Defendants violated 29 U.S.C. § 206(a).

57.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for his final week of work, Defendants violated the AMWA, A.R.S. § 23-363.

58.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for his final week of work, Defendants violated the AWA, A.R.S., § 23-351.

59.     Plaintiff was a non-exempt employee.

60.     At all relevant times, Defendants failed to properly compensate Plaintiff for any of his hours.

61.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

62.     Plaintiff is a covered employee within the meaning of the FLSA.

63.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

64.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

65.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

66.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

67.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

68.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69.     As a result of not paying Plaintiff any wage whatsoever for the hours he worked in his final week of work, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

70.     Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

71.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Said Cruz, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

<u>**COUNT TWO: ARIZONA MINIMUM WAGE ACT**</u>
<u>**FAILURE TO PAY MINIMUM WAGE**</u>

72.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73.    As a result of not paying Plaintiff any wage whatsoever for the hours he worked in his final week of work, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

74.    Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

75.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Said Cruz, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B.      For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.      For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.      For the Court to award prejudgment and post-judgment interest;

E.      For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.      Such other relief as this Court shall deem just and proper.

### COUNT THREE: ARIZONA WAGE ACT
### FAILURE TO PAY WAGES DUE AND OWING

76.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77.     As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to him.

78.     Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

79.     As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time he was employed by Defendants.

80.     Plaintiff is therefore entitled to compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred.

**WHEREFORE**, Plaintiff, Said Cruz, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.    For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.    Such other relief as this Court deems just and proper.

## <u>JURY TRIAL DEMAND</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 27th day of April, 2022.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*